IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FUNCTIONAL DEVICES, INCORPORATED, an Indiana corporation, <br><br> Plaintiff, <br><br> v. <br><br> LOW VOLTAGE SYSTEMS, INC. d/b/a LVS, INC., a California corporation, and ALBERT L. HERMANS, an individual, <br><br> Defendants. | ) ) ) ) ) Case No. 1:14-cv- ) ) ) **JURY DEMANDED** ) ) ) ) ) |

## COMPLAINT

Functional Devices, Inc. ("Functional Devices") files this Complaint against Low Voltage Systems, Inc. ("Low Voltage") and Albert L. Hermans ("Mr. Hermans")(Low Voltage and Mr. Hermans collectively referred to as "LVS"), and will respectfully show the Court as follows:

### NATURE OF THE ACTION

1.   Functional Devices has been wrongly accused by LVS concerning alleged infringement of United States Utility Patent Serial No. 7,045,964 ("the '964 Patent").

2.   Functional Devices seeks a declaration from this Court that the '964 Patent is invalid and unenforceable.

3.   Functional Devices seeks a declaration from this Court that no Functional Devices product infringes the '964 Patent.

### THE PARTIES

4.   Plaintiff Functional Devices is an Indiana corporation having a principal place of business at 310 South Union Street, Russiaville, Indiana 46979.

1

5. Upon information and belief, Defendant Low Voltage is a California corporation, having a principal place of business at 2555 Nicholson Street, San Leandro, California 94577 and may be served with process through its registered agent Mr. Hermans at 1600 Fernwood Drive, Oakland, California 94611.

6. Upon information and belief, Defendant Mr. Hermans is an individual domiciled at 1600 Fernwood Drive, Oakland, California 94611 and owns and controls Low Voltage.

## JURISDICTION AND VENUE

7. The United States District Court for the Southern District of Indiana has original subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202 in that this matter is a civil action arising under the patent laws of the United States and seeks relief under the Federal Declaratory Judgment Act.

8. Functional Devices brings this suit based on an actual, substantial, and continuing justiciable controversy existing between Functional Devices and LVS concerning the acts of Functional Devices, which acts are alleged by LVS to constitute infringement of the '964 Patent. Exhibit A, '964 Patent; Exhibit B, Cease and desist correspondence from LVS to Functional Devices, Aug. 28, 2014.

9. This actual controversy existing between Functional Devices and LVS requires a declaration of rights by this Court.

10. Upon information and belief, the Court has personal jurisdiction over Low Voltage because Low Voltage has conducted business in and directed at Indiana by delivering and selling its products pertaining to the '964 Patent into the stream of commerce with the expectation that they will be purchased by consumers in Indiana. *See* Exhibit C, Specified

Lighting Systems (Indianapolis, IN) website printout, p. 14 (showing that Specified Lighting Systems is a manufacturer's representative for Low Voltage).

11. Upon information and belief, the Court has personal jurisdiction over Mr. Hermans because he is the founder of Low Voltage, he directed the cease and desist letter to be sent to Functional Devices, and products pertaining to the '964 Patent are sold through Low Voltage. *Id.*; Exhibit B.

12. Upon information and belief, based on the representations made in the cease and desist letter (Exhibit B), Mr. Hermans's interest in the '964 Patent has been transferred to Low Voltage.

13. Venue is proper in the Southern District of Indiana, Indianapolis Division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this Judicial District.

14. Venue is proper in the Southern District of Indiana, Indianapolis Division pursuant to 28 U.S.C. § 1400(b) because LVS has alleged that Functional Devices, which resides in Indiana, has committed acts of infringement in Indiana.

## FACTUAL BACKGROUND

A. Functional Devices

15. Functional Devices, Inc. has been designing, manufacturing, and selling quality electronic devices in the United States of America since 1969.

16. Functional Devices provides high quality products for reliable and economical solutions to the needs of its customers, along with world-class support from its sales and engineering experts.

17. Functional Devices sells relays, current sensors, power control, enclosures, power supplies, transformers, and accessories.

18. Functional Devices began as a manufacturer of energy management products and software using "Power Line Carrier" technology, and it has added many energy saving devices to its product line over the years.

19. Functional Devices's RIB prepackaged relays and current sensors have been used by major building automation contractors throughout the United States as part of their energy saving strategies for building owners.

20. Functional Devices has devoted its recent efforts to maintaining its high quality, low cost line of RIB products and expanding into newer technologies such as open protocol devices, wireless relay/current sensing solutions, specialty peripheral products, lighting controls, and fan controls, which new products are designed to enhance the efforts of energy managers everywhere.

21. Functional Devices is also actively involved in the development, manufacturing, and production of special peripheral devices.

22. Whether variations of existing Functional Devices products or entirely unique devices, it provides its customers with a product to fit the customer's specific needs.

B. Low Voltage and Mr. Hermans

23. Upon information and belief from the records of the U.S. Patent and Trademark Office, Mr. Hermans is the owner of the '964 Patent, which is entitled "Emergency Lighting System with Automatic Diagnostic Test" and which issued on May 16, 2006.  Exhibit A.

24. Upon information and belief, Mr. Hermans has assigned or exclusively licensed the '964 Patent to Low Voltage. *See*, Exhibit B, p. 1 (specifically alleging that Low Voltage "owns" the '964 Patent).

25. Upon information and belief, Low Voltage was founded by Mr. Hermans in 1992, and Mr. Hermans is the registered agent for service of process for Low Voltage.

26. Upon information and belief, Low Voltage sells UL924 listed emergency lighting products including self-testing emergency power control relays, and central lighting inverters.

27. Upon information and belief, Low Voltage manufactures, markets, and sells products pertaining to the '964 Patent under the model numbers EPC-A-1, EPC-1, and others. *See*, *id.*

28. Upon information and belief, Low Voltage does not mark its products covered by the '964 Patent as required by 35 U.S.C. § 287.

C. LVS's Unwarranted Allegations

29. On August 28, 2014, counsel for LVS sent Functional Devices a demand letter alleging that the manufacture, use, sale, and offer for sale of certain products, including Models ESRN and ESRB, by Functional Devices infringes the '964 Patent. *Id.*

30. No Functional Devices product infringes, directly or indirectly, or contributes to or induces the infringement of any valid claims of the '964 Patent.

31. Moreover, the '964 Patent is invalid because it fails to comply with the conditions and requirements for patentability set forth in 35 U.S.C. § 101 *et seq.*

32. Accordingly, an actual and justiciable controversy exists between Functional Devices and LVS as to the infringement and validity of the '964 Patent.

## CAUSES OF ACTION

### COUNT I:  Declaratory Judgment – Non-infringement of the '964 Patent

33. Functional Devices incorporates by reference the allegations in paragraphs 1 through 32 of the Complaint.

34. LVS has alleged that one or more products made, used, sold, and offered for sale by Functional Devices infringes the '964 Patent. *Id.*

35. Functional Devices denies LVS's allegations of infringement.

36. Functional Devices does not infringe, directly or indirectly, literally or under the doctrine of equivalents, or contribute to, or induce the infringement of any valid claims of the '964 Patent under 35 U.S.C. § 271.

37. Accordingly, there exists an actual and justiciable controversy between Functional Devices and LVS as to the infringement of the '964 Patent.

38. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Functional Devices requests a declaration that it does not infringe, directly or indirectly, literally or under the doctrine of equivalents, or contribute to, or induce the infringement of any valid and enforceable claim of the '964 Patent.

### COUNT II:  Declaratory Judgment – Invalidity and Unenforceability of the '964 Patent

39. Functional Devices incorporates by reference the allegations in paragraphs 1 through 38 of the Complaint.

40. LVS has alleged that one or more products made, used, sold, and offered for sale by Functional Devices infringes the '964 Patent. *Id.*

41. Functional Devices denies LVS's allegations of infringement on the grounds of invalidity and/or unenforceability of the claims of the '964 Patent.

6

42. Functional Devices alleges that the claims of the '964 Patent are invalid and/or unenforceable because they fail to comply with the conditions and requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

43. Accordingly, there exists an actual and justiciable controversy between Functional Devices and LVS as to the validity and enforceability of the claims of the '964 Patent.

44. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Functional Devices requests a declaration that the claims of the '964 Patent are invalid and unenforceable for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

## **PRAYER FOR RELIEF**

WHEREFORE, Functional Devices prays for the following relief against Low Voltage and Mr. Hermans:

a) A judgment declaring that Functional Devices has not infringed and does not infringe in any manner any valid claim of the '964 Patent;

b) A judgment declaring that each claim of the '964 Patent is invalid and/or unenforceable against Functional Devices;

c) That Low Voltage and Mr. Hermans be ordered to pay all costs associated with this action;

d) That Low Voltage and Mr. Hermans be ordered to pay Functional Devices's attorneys' fees associated with this action; and

e) That the Court award any such other and further relief, in law or in equity, as this Court deems just.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Functional Devices hereby demands a trial by jury on all issues so triable.

Dated:  September 16, 2014                     Respectfully submitted,

/s Holiday W. Banta
Holiday W. Banta
Jonathan E. Payne
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282
P: (317) 236-2100
F: (317) 592-5453
H.Banta@icemiller.com
Jonathan.Payne@icemiller.com

*Attorneys for Plaintiff Functional Devices, Inc.*